UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| ROBERT FARRINGTON, | ) |
| | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) Civil Action No. 1:23-CV-00362-LEW |
| | ) |
| | ) |
| FAIRFIELD POLICE DEPT., et al., | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS AUGUSTA POLICE DEPARTMENT, CHIEF JARED MILLS,
AND OFFICER SABASTIAN GUPTILL'S
ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants Augusta Police Department, Chief Jared Mills, and Officer Sabastian Guptill

(collectively, the "Augusta Defendants") respond to Plaintiff's Complaint as follows:

**INTRODUCTION**

1.   Augusta Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 1 of the Complaint and therefore deny

the same.

2.   Augusta Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny

the same.

3.   Augusta Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.   Augusta Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.   The allegations contained in Paragraph 5 of the Complaint are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

6.   Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint and therefore deny the same.

7.   The allegations contained in Paragraph 7 of the Complaint are argument or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

## JURISDICTION AND VENUE

8.   The allegations contained in Paragraph 8 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

9.   The allegations contained in Paragraph 9 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

10. The allegations contained in Paragraph 10 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

11. The allegations contained in Paragraph 11 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

12. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint and therefore deny the same.

13. Augusta Defendants admit the allegations in Paragraph 13 of the Complaint.

14. Augusta Defendants admit the allegations in Paragraph 14 of the Complaint.

15. Augusta Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Augusta Defendants admit the allegations in Paragraph 16 of the Complaint.

## FACTS

17. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and therefore deny the same.

18. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and therefore deny the same.

19. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint and therefore deny the same.

20. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint and therefore deny the same.

21. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint and therefore deny the same.

22. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint and therefore deny the same.

23. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint and therefore deny the same.

24. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint and therefore deny the same.

25. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and therefore deny the same.

26. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint and therefore deny the same.

27. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint and therefore deny the same.

28. The allegations contained in Paragraph 28 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

29. The allegations contained in Paragraph 29 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

30. The allegations contained in Paragraph 30 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

31. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and therefore deny the same.

32. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and therefore deny the same.

33. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint and therefore deny the same.

34. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and therefore deny the same.

35. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint and therefore deny the same.

36. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint and therefore deny the same.

37. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint and therefore deny the same.

38. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint and therefore deny the same.

39. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint and therefore deny the same.

40. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint and therefore deny the same.

41. Augusta Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Augusta Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43. Augusta Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Augusta Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Augusta Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Augusta Defendants admit that the officers traveled in separate cruisers and did not have their sirens or blue flashing lights on, but otherwise deny the allegations contained in Paragraph 46 of the Complaint.

47. Augusta Defendants admit the allegations contained in Paragraph 47 of the Complaint.

48. Augusta Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Augusta Defendants admit the allegations contained in Paragraph 49 of the Complaint.

50. Augusta Defendants admit that Lowell and Paradis approached an enclosed porch, but otherwise deny the allegations contained in Paragraph 50 of the Complaint.

51. The allegations contained in Paragraph 51 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations. Augusta Defendants deny the factual allegations in this paragraph.

52. Augusta Defendants admit the allegations contained in Paragraph 52 of the Complaint.

53. The allegation that Defendant Guptill was in the curtilage in Paragraph 53 of the Complaint calls for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations. Augusta Defendants admit that Defendant Guptill concluded that Farrington might have had prior military training.

54. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint and therefore deny the same.

55. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and therefore deny the same.

56. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and therefore deny the same.

57. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint and therefore deny the same.

58. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and therefore deny the same.

59. Augusta Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Augusta Defendants admit that Defendant knocked on a sliding glass door at some point, but otherwise deny the allegations contained in Paragraph 60 of the Complaint.

61. Augusta Defendants admit the allegations contained in Paragraph 61 of the Complaint.

62. Augusta Defendants admit that the officers decided to leave, but otherwise deny the allegations contained in Paragraph 62 of the Complaint.

63. Augusta Defendants admit that the officers walked to their cruisers and had a discussion, but otherwise they deny the allegations contained in Paragraph 63 of the Complaint.

64. Augusta Defendants admit that the officers determined they would depart from the scene, but otherwise deny the allegations contained in Paragraph 64 of the Complaint.

65. Augusta Defendants admit the allegations contained in Paragraph 65 of the Complaint.

66. Augusta Defendants admit the allegations contained in Paragraph 66 of the Complaint.

67. Augusta Defendants admit the allegations contained in Paragraph 67 of the Complaint.

68. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint and therefore deny the same.

69. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint and therefore deny the same.

70. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint and therefore deny the same.

71. Augusta Defendants admit the allegations contained in Paragraph 71 of the Complaint, except deny that Officer Lowell was "finalizing the report."

72. Augusta Defendants admit the allegations contained in Paragraph 72 of the Complaint.

73. Augusta Defendants admit that they did not activate sirens, but otherwise deny the allegations in Paragraph 73 of the Complaint.

74. Augusta Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. The allegations referencing curtilage contained in Paragraph 75 of the Complaint call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations. Augusta Defendants admit that Defendant

Guptill made his way to the side of the house, but otherwise deny the factual allegations in this paragraph.

76. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint and therefore deny the same.

77. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint and therefore deny the same.

78. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint and therefore deny the same.

79. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Complaint and therefore deny the same.

80. Augusta Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Augusta Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Augusta Defendants admit that Defendant Guptill fired multiple rounds from his service weapon, a .40 caliber Glock Model 23 semi-automatic pistol, but otherwise deny the allegations contained in Paragraph 82 of the Complaint.

83. Augusta Defendants admit the allegations contained in Paragraph 83 of the Complaint.

84. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of the Complaint and therefore deny the same.

85. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint and therefore deny the same.

86. Augusta Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and therefore deny the same.

88. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and therefore deny the same.

89. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint and therefore deny the same.

90. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint and therefore deny the same.

91. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 of the Complaint and therefore deny the same.

92. Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 of the Complaint and therefore deny the same.

### COUNT I VIOLATION OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION UNDER 42 U.S.C. § 1983

### Against Defendant Sabastian Guptill

93. Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 92 as if fully set forth herein.

94. The allegations contained in Paragraph 94 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

95. The allegations contained in Paragraph 95 of the Complaint call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

96. The allegations contained in Paragraph 96 of the Complaint are argument and/or call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

97. The allegations contained in Paragraph 97 of the Complaint are argument and/or call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

98. The allegations contained in Paragraph 98 of the Complaint are argument and/or call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

99. The allegations contained in Paragraph 99 of the Complaint are argument and/or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

100.    The allegations contained in Paragraph 100 of the Complaint are argument and/or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

101.    The allegations contained in Paragraph 101 of the Complaint are argument and/or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

102.    The allegations contained in Paragraph 102 of the Complaint are argument and/or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

103.    Augusta Defendants deny the allegations contained in Paragraph 103 of the Complaint.

104.    Augusta Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105.    Augusta Defendants deny the allegations contained in Paragraph 105 of the Complaint.

106.    Augusta Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107.    Augusta Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108.    Augusta Defendants deny the allegations contained in Paragraph 108 of the Complaint.

109.    Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation that Farrington lawfully owned and possessed his firearm and therefore deny the same. Augusta Defendants deny the remaining allegations contained in Paragraph 109 of the Complaint.

110.    Augusta Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111.    The allegations contained in Paragraph 111 of the Complaint are argument and/or call for a legal conclusion to which an answer is not required.  To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

112.    Augusta Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113.    Augusta Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114.    Augusta Defendants deny the allegations contained in Paragraph 114 of the Complaint.

## COUNT II CONSPIRACY TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. § 1985

### Against Defendant Willhoite, Doe I, Tracy, and Guptill

115.    Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 114 as if fully set forth herein.

116-128. Augusta Defendants respond that this Count fails to state a claim upon which relief may be granted as set forth in Defendant Guptill's Partial Motion to Dismiss and

Defendant Tracy's Motion to Dismiss. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations in these paragraphs.

### COUNT III MONELL LIABILITY FOR VIOLATION OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION UNDER 42 U.S.C. § 1983

### Against the City of Fairfield Police Department and Police Chief Gould

129.    Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 128 as if fully set forth herein.

130-137. The allegations contained in these paragraphs of the Complaint do not relate to the Augusta Defendants so no response is required; to the extent a response is required, Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same. In addition, the allegations contained in these paragraphs are argument and/or call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

### COUNT IV MONELL-IABILITY [SIC]- FOR VIOLATION OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUTION UNDER 42 U.S.C. § 1983

### Against Defendants Doe I, Doe II, Mike Smith, and Somerset County

138.    Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 137 as if fully set forth herein.

139-151. The allegations contained in these paragraphs of the Complaint do not relate to the Augusta Defendants so no response is required; to the extent a response is required, Augusta Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same. In addition, the allegations contained in these paragraphs are argument and/or call for a legal conclusion to which an answer is not required. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations.

## COUNT V MONELL LIABILITY FOR VIOLATION OF THE FOURTH AMENDMENT OF THE U.S. CONSTITUION UNDER 42 U.S.C. § 1983

### Against Defendants City of Augusta Police Department, Chief Jared Mills and Sergeant Tori Tracy

152.     Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 151 as if fully set forth herein.

153-160. Augusta Defendants deny the allegations contained in Paragraphs 153-160 of the Complaint.

## COUNT VI VIOLATION OF MAINE CIVIL RIGHTS ACT

### Against Defendants City of Augusta Police Department, Mills, Tracy and Guptill

161.     Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 160 as if fully set forth herein.

162-165. Augusta Defendants deny the allegations contained in Paragraphs 162-165 of the Complaint.

## COUNT VII VIOLATION OF MAINE CIVIL RIGHTS ACT

### Against Defendants City of Fairfield Police Department, Gould and Willhoite

166.     Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 165 as if fully set forth herein.

167-170.   The allegations contained in these paragraphs of the Complaint do not relate to the Augusta Defendants so no response is required; to the extent a response is required, Augusta Defendants deny the allegations.

## COUNT VIII VIOLATION OF MAINE CIVIL RIGHTS ACT

### Against Defendants Doe I, Doe II, Mike Smith, and Somerset County

171.    Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 170 as if fully set forth herein.

172-175. The allegations contained in these paragraphs of the Complaint do not relate to the Augusta Defendants so no response is required; to the extent a response is required, Augusta Defendants deny the allegations.

## COUNT IX INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Against Defendant Guptill

176.    Augusta Defendants repeat and reallege their responses contained in Paragraph 1 through 175 as if fully set forth herein.

177-180. Augusta Defendants respond that this Count is barred by the applicable statute of limitations as set forth in Defendant Guptill's partial motion to dismiss. To the extent an answer is deemed necessary, Augusta Defendants deny the allegations in these paragraphs.

## JURY DEMAND

The Augusta Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38(b).

## DEFENSES/AFFIRMATIVE DEFENSES

1.    The Augusta Police Department is not a separate legal entity from the City of Augusta and lacks the capacity to be sued.

2.    Plaintiff's Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

3.    Plaintiff's Complaint is barred, in whole or in part, by the applicable statute of limitations.

4.    No clearly established rights of Plaintiff were violated by Augusta Defendants' alleged actions or inaction.

5.      Plaintiff's injuries, if any, were not caused by any municipal policy, protocol, procedure, or custom.

6.      The individual Augusta Defendants are entitled to qualified immunity.

7.      Plaintiff's damages are barred in whole or in part for failing to mitigate his damages.

8.      Plaintiff's recoverable damages, if any, are capped or limited by the provisions of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101, et seq., the Wrongful Death Act, 18-C M.R.S.A. § 2-807, or any other applicable federal or state statutory limitations on damages.

9.      The use of deadly force by Defendant Guptill was objectively reasonable in response to the threat of death or serious bodily injury he reasonably believed was posed by Plaintiff at the time deadly force was used.

10.     Any alleged warrantless entry or search was justified by the presence of exigent circumstances.

11.     Augusta Defendants reasonably relied on the temporary want and/or probable cause information provided to them by other Defendants.

12.     Even if an alleged illegal entry or search occurred, that alleged violation did not cause Plaintiff's alleged injuries.

13.     Augusta Defendants did not act with deliberate indifference to Plaintiff's constitutional rights, nor did they have any prior notice that any of their policies, procedures or training could lead to an alleged constitutional violation.

14.     Plaintiff's alleged injuries were caused by a supervening and intervening cause.

15.    If any of Augusta Defendants' acts are found to have been unlawful and/or unconstitutional, they had no knowledge of such illegality or unconstitutionality at the time of the alleged conduct and at all times were acting in good faith.

16.    The Augusta Police Department cannot be liable for punitive damages as a matter of law.

17.    The individual Augusta Defendants are entitled to discretionary function and/or intentional act immunity under the Maine Tort Claims Act.

18.    Plaintiff's tort law claims are barred for failing to comply with the notice requirements of the Maine Tort Claims Act, 14 M.S.R.A. § 8107.

19.    Augusta Defendants' alleged actions or omissions do not shock the conscience.

20.    Plaintiff's Complaint is barred by the doctrines of assumption of the risk, unclean hands, and estoppel.

Dated at Portland, Maine this 4th day of December 2023.

 /s/ Kasia S. Park_____
Kasia S. Park, Esq.
Susan M. Weidner, Esq.
*Attorneys for Defendants Augusta Police Department, Sabastian Guptill, and Jared Mills*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
kpark@dwmlaw.com
sweidner@dwmlaw.com